IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| **DARRYL A. STUCKEY,** | * | |
| Petitioner, | * | |
| v. | * | Criminal No. RWT-12-0042 |
|  | * | Civil No. RWT-14-0534 |
| **UNITED STATES OF AMERICA,** | * | |
| Respondent. | * | |

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Petitioner Darryl Stuckey's petition under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. In it, Petitioner contends that he was denied his Sixth Amendment right to effective assistance of counsel. Petitioner asserts that his counsel provided him with ineffective assistance by failing to 1) notice his actual innocence regarding Count One, 2) object to the order to pay restitution, 3) object to sentencing calculation errors, 4) file a direct appeal, and 5) fully investigate his medical records and adequately represent his health to the Court. Mot. 1–18, ECF No. 60. Petitioner also submits his post-conviction rehabilitation efforts for consideration. *Id.* at 19–20.

Petitioner is out of prison and currently on supervised release, but is still eligible for the instant motion because he initiated his § 2255 motion while in prison and because individuals on parole or supervised release are considered to be in "physical custody" for the purposes of a motion that contests a restriction on individual liberty. *See Jones v. Cunningham*, 371 U.S. 236, 240 (1963) ("[T]he use of habeas corpus has not been restricted to situations in which the applicant is in actual, physical custody."); *Hammitt v. U.S. Probation Office*,

235 F. App'x 129, 130 n.2 (2007) (stating the relevant inquiry is whether the petitioner's status subjects him to a restraint on his liberty).

## BACKGROUND

On February 25, 2012, a federal grand jury returned a twelve-count indictment against Petitioner. ECF No. 1. On December 21, 2012, Petitioner pleaded guilty to Counts One and Seven of the indictment. ECF No. 44. Count One charged Petitioner with corruptly endeavoring to impede the internal revenue laws in violation 26 U.S.C. § 7212(a). *Id.* ¶ 1. Count Seven charged Petitioner with fraudulently concealing assets in a bankruptcy proceeding in violation of 18 U.S.C. §§ 2, 152(1). *Id.* This Court issued a judgment of conviction in accordance with the plea agreement on June 11, 2013, adjudging the defendant guilty on Counts One and Seven and dismissing Counts Two through Six and Eight through Twelve. ECF No. 57. Petitioner was sentenced to a twenty-four month prison term and a total of three years of probation with the requirement to pay restitution to the Internal Revenue Service ("IRS") on his release. *Id.*

## DISCUSSION

Under 28 U.S.C. § 2255, a petitioner must prove by a preponderance of the evidence that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law." 28 U.S.C. § 2255 (2012); *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958). If the § 2255 motion, along with the files and records of the case, "conclusively show that [he] is entitled to no relief," a hearing on the motion is unnecessary and the claims raised in the motion may be dismissed summarily.

**A. Petitioner does not provide any evidence, let alone clear and convincing evidence, that would cause this Court to disregard the representations he made under oath during his plea hearing.**

Petitioner does not present any evidence that would allow this Court to disregard the statements he made under oath at his plea hearing. A defendant's representations at a plea hearing carry a strong presumption of verity and a "formidable barrier in any subsequent collateral proceedings." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). Absent clear and convincing evidence to the contrary, a defendant is bound by the representations he made under oath during a plea colloquy. *See Fields v. Attorney Gen. of Md.*, 956 F.2d 1290, 1299 (4th Cir. 1992) (finding that because the petitioner presented no evidence to suggest that his representations during the plea hearing were untruthful or involuntary, he was rightly bound by the sworn statements).

Petitioner gives this Court no reason to disregard the representation he made during his plea hearing. During the plea hearing, Petitioner answered in the affirmative when asked if he had discussed the charges in the indictment with his attorney and if he was satisfied by the counsel, representation, and advice given to him by his attorney. *See* Gov't Resp. Ex. A, at 6, EFC No. 67 (Plea Hearing Transcript). Petitioner further verified that he reviewed, signed, and understood the plea agreement. *Id.* at 6–7. No assertion in Petitioner's § 2255 motion reaches the high, clear, and convincing standard necessary to cast doubt on Petitioner's stated satisfaction with counsel that he made during his plea hearing. In fact, even absent this high standard, Petitioner's § 2255 motion claims are without merit.

**B. Even if the clear and convincing evidence necessary to disregard Petitioner's claims under oath was present, Petitioner's claims that he suffered prejudice from his counsel's performance are without merit.**

In evaluating the claims of ineffective assistance of counsel, courts apply the two-prong test set out in *Strickland v. Washington*, 466 U.S. 668 (1984). First, Petitioner must show that counsel's presentation fell "below an objective standard of reasonableness." *Id.* at 688. Second, Petitioner must show there is a reasonable probability that, absent counsel's errors, the outcome of the case would have been different. *Id.* at 669. However, when a conviction is based on a guilty plea, the second prong of the *Strickland* test requires a petitioner to show that not only would the outcome of the case have been different but that there is "a reasonable probability that, but for counsel's errors, he *would not have pleaded guilty* and would have insisted on going to trial." *United States v. Fugit*, 703 F.3d 248, 259 (4th Cir. 2012) (emphasis added) (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)).

**1. Petitioner's claim he suffered prejudice because his counsel failed to notice he was actually innocent of Count One is without merit.[1]**

Petitioner alleges counsel was ineffective for failing to notice that the requisite elements for a charge of corrupt or forcible interference with the administration of the internal revenue laws pursuant to § 7212(a) were absent. Mot. 10. Petitioner argues that a required element to trigger the operation of the statute is the threat of force, forcefulness, corrupt solicitation, or intimidation, and that there was no actual threat or intimidation alleged in his case. *Id.* However, this assertion misinterprets the requisite elements of the statute. It is a well-established principle that courts should construe the omnibus clauses of federal obstruction statutes broadly. *United States v. Bostian*, 59 F.3d 474, 478 (4th Cir. 1995) (citing *United States v. Martin*,

---

[1] Petitioner also claims that had counsel investigated his accountant's sworn statements he would have been exonerated from this count. Mot. 27. His accountant's statements, however, did not affect the allegations in the indictment or the admissions made by Petitioner in his guilty plea. Petitioner's counsel, therefore, did not violate *Brady v. Maryland*, 373 U.S. 83, 87 (1963), for failing to obtain the accountant's alleged statements. Gov't Resp. 9.

4

747 F.2d 1404, 1409 (11th Cir. 1984) ("Congress may use a term that conveys the type of conduct regulated rather than enumerate all the specific instances within the legislation.")). Even legal actions may violate § 7212(a) if the defendant commits them to "secure an unlawful benefit for himself or others." *United States v. Wilson*, 118 F.3d 228, 234 (4th Cir. 1997). Petitioner signed a factual stipulation during his plea hearing which sufficiently establishes a violation of § 7212(a) and here presents no evidence contrary to his stipulation. Therefore, Petitioner violated § 7212(a) and suffered no prejudice when he pleaded guilty to Count One.

### 2. Because Petitioner violated § 7212(a), the Court properly ordered him to pay restitution to the IRS.

This Court was correct in ordering Petitioner to pay restitution to the IRS for the full tax loss resulting from the § 7212(a) conviction. *See* U.S.S.G. § 5E1.1(a)(2) (stating that a court may "impose a term of probation or supervised release with a condition requiring restitution for the full amount of the victim's loss"). The plea agreement signed by Petitioner expressly stated the Government's request for the restitution condition. *See* ECF No. 44, ¶ 14 (Plea Agreement); *see also* 18 U.S.C. 3663(a)(3) ("The court may also order restitution in any criminal case to the extent agreed to by the parties in a plea agreement."). Not only may this Court properly order restitution as a condition to probation or supervised release, but it may also order restitution pursuant to the plea agreement signed by Petitioner in which the Government requested a restitution condition. U.S.S.G. § 5E1.1(a)(2); 18 U.S.C. 3663(a)(3). Therefore, Petitioner's counsel was not deficient in failing to object to the condition, and Petitioner suffered no prejudice because of his counsel.

### 3. Petitioner's claim he suffered prejudice because counsel did not object to the Sentencing Guidelines calculation is without merit.

Because an error in a sentencing calculation may not be brought in a § 2255 motion, barring extraordinary circumstances, Petitioner's claims are only applicable as they pertain to the ineffective assistance of counsel claims. Only defendants in cases in which a court imposes a sentence "in excess of the maximum authorized by law" may seek relief in a § 2255 motion. 28 U.S.C. § 2255(a). Thus, § 2255 motions usually do not apply to errors in the application of the Sentencing Guidelines. *United States v. Pregent*, 190 F.3d 279, 284 (4th Cir. 1999); *see also United States v. Mikalajunas*, 186 F.3d 490, 494–95 (4th Cir. 1999). Because the Court correctly applied the Sentencing Guidelines, Petitioner's claim that he suffered prejudice from counsel's failure to object to the sentencing calculations is without merit.

Petitioner's claim that this Court misapplied the Sentencing Guidelines' grouping rules is likewise meritless. Grouping of offenses is appropriate when they constitute "substantially the same harm." U.S.S.G. § 3D1.2. This Court correctly declined to group Petitioner's tax fraud (Count One) and bankruptcy fraud (Count Seven) convictions, resulting in a total offense level that was two levels higher than if the Court had grouped the offenses. The counts have separate victims and do not have one composite harm. *See* U.S.S.G. § 3D1.2 app n.4. Under Count One, Petitioner defrauded the government, the IRS; and under Count Seven, Petitioner defrauded his bankruptcy estate and private creditors. Furthermore, Petitioner knew the Court would not group the offenses when he signed the plea agreement, ECF No. 44, ¶ 7(c), and the Court reminded Petitioner of this at his plea hearing. *See* Gov't Resp. Ex. A, at 10 (Plea Transcript).

Similarly, the Court correctly calculated Petitioner's offense level for his § 7212(a) conviction. Under U.S.S.G. § 2T1.1, the base offense level corresponds to the tax loss resulting from the criminal conduct. Petitioner caused over $300,000 in tax loss, resulting in Petitioner's

incurrence of a base offense level of 18 for a tax loss between $200,000 and $400,000. ECF No. 50, at 3–5 (Government's Sentencing Memorandum). Petitioner agreed in his plea agreement to a base offense level of 18 for his § 7212(a) conviction. *See* ECF No. 44, ¶ 6(a); *see also* Gov't Resp. Ex. A, at 9 (Plea Transcript).[2] Thus, Petitioner suffered no prejudice because the Court correctly calculated his sentence.

### 4. Petitioner suffered no prejudice for counsel's failure to file a direct appeal as Petitioner did not timely ask his counsel to do so.

Absent a specifically requested appeal, counsel must consult with a defendant regarding the decision to appeal. *Frazer v. South Carolina*, 430 F.3d 696, 707 (4th Cir. 2005); *see also Roe v. Flores-Ortega*, 538 U.S. 470, 478 (2000) (explaining that in order to determine whether counsel was deficient one must first ask whether counsel consulted with the defendant about an appeal). If counsel fails to consult, a defendant may show prejudice by showing that a rational defendant would have wanted to appeal. *Frazer*, 430 F.3d at 707–08. The defendant can satisfy this burden by demonstrating that either 1) there were non-frivolous issues to appeal or 2) the defendant had adequately indicated his interest in appealing. *Id.*

Petitioner's counsel submitted a declaration and supplied his notes as evidence that he did indeed consult with Petitioner after the sentencing hearing. Gov't Resp. Ex. C, at 3, 4. Petitioner had waived his right to appeal in his plea bargain, ECF No. 44, ¶ 13, yet Petitioner's counsel still informed Petitioner that he should notify him if he wished to file an appeal. Gov't Resp. Ex. C, at 4. At that time, Petitioner did not ask counsel to file an appeal. On July 24, 2013, however, Petitioner did ask counsel to file a motion for reconsideration, and counsel informed him that the relief he sought must be brought on direct appeal and that the time

---

[2] Petitioner also argues his counsel was ineffective for allowing him to agree to an inapplicable enhancement of healthcare fraud. Mot. at 22–23. Petitioner's counsel, however, noticed the error in this earlier draft of the Government's plea offer and made sure the final plea agreement contained the correct section of the Sentencing Guidelines.

to file a direct appeal had lapsed. *Id.* at 4, 27. Here, Petitioner has not provided any evidence that counsel failed his duty to consult, and even if counsel had failed his duty, Petitioner cannot show prejudice because he has not provided evidence that there were non-frivolous issues to appeal or that he had adequately indicated his interest in appealing.

> **5. Petitioner's claim that counsel was deficient in fully investigating his medical records and adequately representing Petitioner's health to the Court is meritless.**

Petitioner claims that counsel failed to notice that he had the incorrect medical records and that "had counsel investigated [Petitioner]'s case fully he would have known that [Petitioner] suffers from congestive heart failure . . . which require[s] acute medical care not available within the Bureau of Prisons." Mot. 3. Petitioner's counsel sought medical records from the medical providers where Petitioner stated he received treatment and provided the Court with "the most complete and informative medical records in [his] possession under seal" before the sentencing of this matter. Gov't Resp. Ex. C, ¶¶ 11–12. Counsel further argued during the sentencing hearing that the Bureau of Prisons was not equipped to treat Petitioner's deteriorating health. *See* Gov't Resp. Ex. B, at 9–10 (Sentencing Transcript). In fact, Petitioner received a shorter sentence because of the arguments made by counsel regarding his health. *Id.* at 22 ("Based on the arguments made by defense counsel and the medical information submitted . . . a sentence at the low end of the range would be appropriate."). Therefore, Petitioner can show no prejudice as his argument is without merit.

### CERTIFICATE OF APPEALABILITY

Petitioner may not appeal this Court's denial of relief under 28 U.S.C. § 2255 unless it issues a certificate of appealability. *United States v. Hardy*, 227 Fed. Appx. 272, 273 (4th Cir. 2007). A certificate of appealability will not issue unless Petitioner has made a

"substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c); *Hardy*, 227 Fed Appx. at 273.  "A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable."  *United States v. Riley*, 322 Fed. App'x 296, 297 (4th Cir. 2009).  This Court has assessed the claims in Petitioner's motion to vacate his sentence on the merits and found them deficient.  No reasonable jurist could find merit in any of Petitioner's claims, and thus no certificate of appealability shall issue.

## CONCLUSION

The Court finds that Petitioner's claims he suffered prejudice because of ineffective assistance of counsel does not satisfy the standard to provide clear and convincing evidence required for this Court to disregard representations he made under oath during his plea hearing, and even if they did, all of Petitioner's claims are without merit.  Petitioner's motion will be denied and no certificate of appealability shall issue.  Accordingly, it is, this 15th day of April, 2015, by the United States District Court for the District of Maryland,

**ORDERED**, that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (ECF No. 60) is hereby **DENIED**; and it is further

**ORDERED**, that a certificate of appealability **SHALL NOT BE ISSUED**; and it is further

**ORDERED**, that the Clerk is hereby **DIRECTED** to mail a copy of this Memorandum Opinion and Order to Petitioner; and it is further


**ORDERED**, that the Clerk is hereby **DIRECTED** to close Civil Action No. RWT-14-0534.

/s/
ROGER W. TITUS
UNITED STATES DISTRICT JUDGE